(No. 5426-

JACQUELYNNE GILMORE AND CARMELLA JONES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 31, 1969.*

MINN AND AUSLANDER, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

DOVE, J.

The uncontested facts of this case are that on July 13, 1966, claimant, Jacquelynne Gilmore, was the operator of

automobile in which claimant, Carmella Jones, was a passenger. The automobile was proceeding in a southerly direction on South Shore Drive at the intersection of 23rd Street in the City of Chicago. As the automobile of claimant was passing beneath the 23rd Street overpass, a portion of the railing of the overpass fell upon it, striking and shattering the windshield, and landing on the lap of claimant, Carmella Jones.

The slab of concrete was introduced into evidence, and appeared to weigh between six and seven pounds. It was approximately eight inches in length, and six to seven inches in width. The Chicago Police took claimants to the Michael Reese Hospital for first aid. The evidence indicates that the special damages suffered by Jacquelynne Gilmore amounted to $242.00, and the special damages for claimant, Carmella Jones, amounted to $215.00. The special damages of both claimants included medical expenses and loss of wages.

Respondent filed a departmental report, but offered no testimony relating to the occurrence.

It is claimants' contention that the State of Illinois was guilty of negligence by reason of the doctrine of res ipsa locquitur. Respondent contends that the doctrine of res ipsa locquitur is not applicable because the claimants have failed to establish the element of control by respondent.

In the opinion of this Court the doctrine of res ipsa locquitur is properly invoked by claimants. In *Charles M. Kenney, Administrator, etc.,* vs. *State of Illinois,* 22 C.C.R. 247, the Court stated:

"Under the maxim *res* ipsa locquitur, our courts have announced many times that where a thing, which has caused injury, is shown to be under the management of the party charged with negligence, an accident is such as in the ordinary course of things does not happen, if the management uses proper care. The accident itself affords reasonable evidence in the absence of an explanation by the party charged, that it arose from want of proper care."

In the case of *McCleod* vs. *Nel-Co Corp.*, 112 N.E.2d 501; 350 Ill. App. 216, plaintiff rented a room in a hotel, and, while in bed, plaster fell from the ceiling, and landed on the head of the plaintiff. The court in this case invoked the doctrine of res ipsa locquitur, and stated:

". . . Requirement that before the rule of res ipsa locquitur can be applied it must appear that the instrumentality was under the management and control of the defendant does not mean or is not limited to actual physical control, but *refers* rather to the right of control at that time."

While it might be argued in this case that the State of Illinois did not have actual physical control over the bridge from which a piece of the railing fell onto the claimants, it is the opinion of this Court that the State of Illinois did have the right of control at the time of the occurrence.

In this case there is no evidence, nor is there any contention on the part of respondent, that claimants were guilty of contributory negligence. Respondent has offered no evidence to rebut the presumption of negligence raised by the application of the doctrine of res ipsa locquitur. In the opinion of this Court, respondent is liable for the damages inflicted on claimants.

The Court hereby makes an award to claimant, Jacquelynne Gilmore, for her medical expenses and loss of wages, pain and suffering in the sum of $800.00; and makes an award to claimant, Carmella Jones, for her medical expenses, loss of wages, pain and suffering in the sum of $750.00.